b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA, Plaintiff

CRIMINAL DOCKET NO. 1:24-CR-00259

VERSUS

JUDGE DRELL

HENRY M JEFFERSON JR (02), Defendants

MAGISTRATE JUDGE PEREZ-MONTES

# MEMORANDUM ORDER

Before the Court is a Motion to Compel Production of Discovery Material (ECF No. 495) filed by Defendant Henry Michael Jefferson, Jr. ("Jefferson"). The Government opposes. ECF No. 506.

Because Jefferson is not entitled to the requested discovery, his Motion to Compel Production of Discovery Material (ECF No. 495) is DENIED.

## I. Background

On November 20, 2024, a federal grand jury indicted Jefferson for conspiracy ("Count One") and distribution of methamphetamine ("Count Two"). On February 26, 2026, Jefferson pleaded guilty to Count One. ECF No. 389. The Court sentenced him to 120 months' imprisonment and five years' supervised release. ECF No. 480. Count Two was dismissed. *Id.*

Jefferson now requests (1) the original sworn complaint, (2) the probable cause affidavit in support of the criminal complaint, (3) the arrest warrant, and (4) the Magistrate Judge's probable cause determination. ECF No. 495 at 1. He contends

these materials are necessary for future 28 U.S.C. § 2255 proceedings, "[c]onstitutional claims involving unlawful arrest," and "[r]eview of [p]robable [c]ause." *Id.* at 2–3. He moves the Court to compel his counsel and the U.S. Attorney's Office to provide those materials within ten days. *Id.* at 3.

The Government responds that Jefferson's request must be denied because he has not filed a 28 U.S.C. § 2255 motion and thus has "no procedural basis to support a request for discovery." ECF No. 506 at 2.

## II. Law and Analysis

### A. 28 U.S.C. § 2255 Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Pursuant to Rule 6(a)–(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery," but the "party requesting discovery must provide reasons for the request." "A petitioner demonstrates good cause under Rule 6(a) where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (ellipsis in original) (quotations omitted), *as revised* (Sept. 2, 2014).

"[D]istrict courts in this circuit have routinely found that where a defendant has already been tried and convicted and has no pending § 2255 motion before the Court, there is no procedural basis for [a] [ ] Motion for Discovery and it must be

denied." *United States v. Allen-Shinn*, No. 21-CR-112-01, 2025 WL 3172107, at *1 (W.D. La. Nov. 12, 2025) (quotation marks omitted) (collecting cases). Because Jefferson has not yet filed a § 2255 motion, he is not entitled to the requested relief.

Even setting aside the motion's procedural impropriety, Jefferson also fails to establish good cause. Jefferson argues the materials are required "to formally investigate and to form a fundamental defense in future [§] 2255 proceedings." ECF No. 495 at 1. He vaguely contends the requested materials relate to the probable cause for his arrest, the "[a]ccuracy of the Government's representations," and the "[p]otential fabrication or mischaracterization of evidence." *Id.* at 2. But he does not set forth any "specific allegations" that "show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[1] *Fields*, 761 F.3d at 478 (ellipsis in original).

Accordingly, Jefferson fails to establish he is entitled to discovery pursuant to Rule 6(a)–(b) of the Rules Governing § 2255 Proceedings for the United States District Courts.

B. Civil Discovery

Jefferson briefly argues the requested discovery is necessary for "[c]onstitutional claims involving unlawful arrest." ECF No. 495 at 2–3.

This argument also fails. If Jefferson wants to bring constitutional claims, he may do so. But he may not initiate such proceedings through his criminal case. Nor

[1] The Court further observes that no criminal complaint or accompanying probable cause affidavit was filed in this case. Additionally, the indictment has been unsealed and is available for Jefferson's review without a court order.

may he use his criminal case as a means of circumventing any civil discovery requirements.

Accordingly, Jefferson fails to establish he is entitled to discovery on this basis.

## III. Conclusion

Because Jefferson is not entitled to the requested discovery, his Motion to Compel Production of Discovery Material (ECF No. 495) is DENIED.

SIGNED on Friday, October 30, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE